

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-84,007-01

### EX PARTE PATRICK TAYLOR SHAY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1195055-A IN THE 337th DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of improper photography and sentenced to two years' imprisonment.

Applicant contends, *inter alia*, that he was convicted pursuant to an unconstitutional statute. *See Ex parte Thompson*, 442 S.W.3d 325 (Tex. Crim. App. 2014). The plea papers in this case show that the State agreed not to file "aggravated sexual assault or any child pornography charges arising out of [the] transaction" in exchange for Applicant's plea. Aggravated sexual assault is a first-degree

felony with a maximum life sentence. TEX. PENAL CODE § 22.021(e) (West 2008). Possession of child pornography is a third-degree felony with a maximum sentence of ten years. *Id*. § 43.26(d). And the State could have prosecuted the counts separately in order to obtain consecutive sentences. *See* TEX. CODE CRIM. PROC. art. 42.08 (West 2008). An aggravated sexual assault conviction would have also subjected Applicant to sex-offender registration requirements, which is not the case with Applicant's plea bargained for conviction.

We order that this application be filed and set for submission to determine whether an applicant, who negotiates a very favorable plea agreement that results in a conviction for an offense that is later found to be unconstitutional, is collaterally estopped from later raising this claim in an application for a writ of habeas corpus. The parties shall brief these issues.

It appears that Applicant is represented by counsel. If that is not correct, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 60 days of the date of this order, a supplemental transcript containing: a confirmation that Applicant is represented by counsel; the order appointing counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court on or before March 15, 2016.

Filed: December 16, 2015
Do not publish